UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

**OCT 24 2017**

Clerk, U.S. District and
Bankruptcy Courts

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>CATHOLIC UNIVERSITY OF AMERICA *et al.*,<br><br>*Defendants*. | Civil Action No. 17-1373 (RDM)<br><br>**UNDER SEAL** |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action against the Catholic University of America, several of the University's administrators, members of a student disciplinary panel, and public safety officials, alleging that the University conducted an incomplete, procedurally-flawed, and biased investigation of an allegation that he had sexual intercourse with a student who was unable to consent due to excessive consumption of alcohol; that the University erroneously found him guilty of sexual misconduct; and that the University improperly suspended him for two and half years. *See* Dkt. 1 (Compl.). At the same time Plaintiff filed his complaint, he moved for leave to proceed under a pseudonym and to seal personally identifying information, Dkt. 2, and the Court granted that motion, Dkt. 3.

Subsequently, Defendants moved to vacate the Court's order permitting Plaintiff to proceed pseudonymously. Dkt. 14. In that filing, Defendants argue that Plaintiff failed to disclose to the Court in his *ex parte* motion for leave to proceed under a pseudonym that Plaintiff had previously filed a defamation action in D.C. Superior Court against two students who had accused him of sexual misconduct and that he had done so on the public docket and without

using pseudonyms or redactions to prevent disclosure of his identity or the identity of the two students that he sued. *Id.* at 2–3. In addition, Defendants contend that Plaintiff's counsel has drawn further attention to this case by providing a statement to the press critical of Defendants, rather than simply declining to comment. *Id.* at 2; Dkt. 18 at 2.

In response, Plaintiff maintains that the Court's prior order permitting him to proceed under a pseudonym should remain in place. According to Plaintiff, there is a significant difference between filing suit in D.C. Superior Court—and revealing his identity and the identity of his accusers in that forum—and filing suit in this Court—where he seeks to prevent disclosure of his identity and has not disclosed the identity of his accusers. In short, Plaintiff contends, "the media and the public pay [greater] attention to what happens in federal court." Dkt. 16-1 at 1. The only support Plaintiff's counsel offers for that proposition is his own assertion that he received inquiries from "two national media outlets" shortly after bringing this case and the case was featured in a local broadcast of a national radio program, while no one "outside those directly involved in the" Superior Court action "ever approached" him about that case. *Id.* Plaintiff further contends that revealing his identity in this case will necessarily draw attention back to the Superior Court action, which could invite "media attention" intruding on the privacy of Plaintiff's two accusers. *Id.* at 2.

Due to the public interest in open judicial proceedings, "[p]seudonymous litigation has been permitted only in those exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity." *Nat'l Ass'n of Waterfront Emps v. Chao*, 587 F. Supp. 2d 90, 99–100 (D.D.C. 2008) (internal quotation marks omitted). In prior cases, this Court has considered five factors in deciding whether to permit a party to proceed

2

under a pseudonym:

> (1) [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Id.* at 99. Ultimately, however, the question is "not best answered with a rigid, multi-part test but with an assessment of whether the non-speculative privacy interests that the movant[] [has] identified outweigh the public's substantial interest in knowing the identities of parties in litigation, along with any legitimate interest the non-moving parties[] may have in revealing the identity of the movant[]." *John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau*, 195 F. Supp. 3d 9, 17 (D.D.C. 2016).

In the ordinary course, allegations of sexual assault implicate "matter[s] of a sensitive and highly personal nature," the disclosure of which might well "risk . . . retaliatory physical or mental harm." *Nat'l Ass'n of Waterfront Emps*, 587 F. Supp. 2d at 99. Here, however, Plaintiff has already disclosed the allegations that were made against him—and the identities of those who made those allegations—on the public docket in the Superior Court. That fact is relevant because it shows that Plaintiff has not previously taken steps to protect his identity, and it thus undercuts the force of his contention that disclosure of his identity in this case may cause him grievous harm. The docket in the Superior Court action does not indicate that Plaintiff sought leave to proceed pseudonymously there, nor has Plaintiff provided any basis to conclude that such a motion would have been futile. Plaintiff's Superior Court filings are also relevant because they already reveal both his identity and the nature of the allegations made against him. Anyone interested could simply access the Superior Court docket and find precisely the information that

3

Plaintiff seeks to conceal in this matter.

Although a prior public disclosure does not necessarily foreclose pseudonymous treatment—for example, a press report identifying the identity of a rape victim might not foreclose a court from redacting the victim's name from the public record, *see, e.g., The Florida Star v. B.J.F.*, 491 U.S. 524 (1989)—the prior public disclosure *in this case* weighs against permitting Plaintiff to proceed under a pseudonym. Unlike in cases like *Florida Star*, it was Plaintiff himself who made the prior disclosure. That disclosure, moreover, looks a great deal like what Plaintiff asks the Court to preclude here. It was a disclosure in court pleadings and on a court docket—and those pleadings and docket entries remain open for public inspection. The Court is unconvinced that it should adopt a more restrictive approach to public access than the Superior Court simply because—even if true—the press and the public may pay more attention "to what happens in federal court." Having disclosed his identity and the allegations made against him in a judicial proceeding brought in the District of Columbia, Plaintiff cannot meet his heavy burden of showing that the same information should not be made public in another judicial proceeding brought in the District of Columbia.

Plaintiff has, however, identified one issue that warrants further input. Plaintiff suggests that revealing his identity here might raise privacy concerns for his two accusers, who were identified in the Superior Court action. In light of this assertion, the Court will direct that Plaintiff's counsel promptly provide a copy of this Order to counsel for the two defendants in the Superior Court action, and the Court will provide those parties with an opportunity to be heard on whether it is necessary to continue to use a pseudonym to refer to Plaintiff in this case in order to protect their privacy.

Accordingly, it is hereby **ORDERED** that Defendants' motion to vacate the order

permitting Plaintiff to proceed under a pseudonym and to seal personally identifying information is **GRANTED**. The Court will, however, maintain the pseudonymous status of this case for 14 days from the date of this Order to provide the two defendants from the Superior Court action with an opportunity to be heard, should they seek to do so, and to permit Plaintiff to seek an administrative stay from the Court of Appeals, should he seek to appeal this ruling. It is further **ORDERED** that Plaintiff's counsel shall provide a copy of this Order to defendants' counsel from the Superior Court action on or before October 27, 2017.

    **SO ORDERED.**

                                                          /s/ Randolph D. Moss
                                                          RANDOLPH D. MOSS
                                                          United States District Judge

Date: October 24, 2017