UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **BENJAMIN NORTH**, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:17-cv-01373-TNM |
| v. | ) ) ) | |
| **THE CATHOLIC UNIVERSITY OF AMERICA**, | ) ) ) | |
| Defendant. | ) ) | |

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3, plaintiff Benjamin North and defendant Catholic University of America, by counsel, submit the following Joint Case Management Report:

**1.    Dispositive Motions**

Plaintiff's Position:

Local Rule 16.3(c)(1):  The case is not likely to be resolved by dispositive motion prior to the completion of discovery.  The Court has already ruled on a motion to dismiss in this matter and the defendant will submit an answer on the remaining counts Plaintiff's complaint.

Defendant's Position:

Local Rule 16.3(c)(1):  The University believes this dispute will be resolved by dispositive motion following the close of discovery.

**2.    Key Legal and Factual Issues**

Plaintiff's Position:

Plaintiff was falsely accused of sexual assault. This false accusation subjected Plaintiff to, inter alia, Defendants' internal disciplinary process. That process was administered in a

wholly arbitrary, capricious and discriminatory manner. The result of this was damages inflicted upon Plaintiff.

Defendant's Position:

Plaintiff was accused of sexual assault by two young women who complained of separate incidents. The University investigated these accusations and held separate hearings with regard to each complainant in accordance with the University's procedures and applicable law. In one of these proceedings, plaintiff was found responsible; in the other, he was not. Plaintiff was suspended in connection with the finding of responsibility. He subsequently brought suit for breach of contract (Count 1), promissory estoppel (2), intentional infliction of emotional distress (3-5), negligence (6-7), breach of the "common law duty of basic fairness" (8), violation of Title IX (9-11), and declaratory and injunctive relief (12) against the University and four of its employees. After the University filed a partial motion to dismiss, the Court dismissed Counts 3, 4, 5, and 8 and dismissed each of the employee defendants. The University denies Plaintiff's remaining claims and will respond to his remaining allegations when it files its answer on or before June 4, 2018.

**3.    ADR/Settlement**

Plaintiff's Position:

Local Rule 16.3(c)(4): Based on discussions to date between counsel for Plaintiffs and counsel for Defendants the parties will continue to explore the possibility of settling this case; however counsel for Plaintiffs, based on these same conversations do not believe there has been a meaningful effort to resolve this matter up to this point.

Local Rule 16.3(c)(5): The Plaintiff believes that the case could benefit from some other form of the Court's alternative dispute resolution procedures, namely the referral of this

case to a magistrate judge for purposes of mediation, after some discovery has been conducted. Counsel have discussed this suggestion with their respective clients.

Defendant's Position:

Only preliminary settlement discussions have taken place to date. The University does not know if an early resolution is likely but is open to exploring that possibility. The University believes a formal mediation would be more likely to succeed after discovery and dispositive motions.

**4.     Assignment of Magistrate Judge**

Parties' Position:

Local Rule 16.3(c)(3):  The parties do not agree to have the case assigned to a magistrate judge at this time.

**5.     Discovery**

Parties' Position:

Local Rule 16.3(c)(8):  Discovery will include all subjects referenced in the Amended Complaint and/or Answers. The parties propose that discovery conclude on March 31, 2019. Discovery is expected to include paper discovery as well as discovery of electronically stored information. The parties believe a protective order should be entered to protect information already ordered protected by the Court, other student records and information, and confidential and proprietary information about the University. The parties will submit such a stipulated protective order to the Court.

**6.     Electronically Stored Information ("ESI") – disclosure/retention/production format**

Plaintiff's Position:

Local Rule 16.3(c)(9):  The Plaintiff has identified no issues with regard to disclosure, discovery, or preservation of electronically stored information. At this time, Plaintiff

3

lacks sufficient information about Defendants' preservation of electronically stored information to identify any issues.

Defendant's Position:

Local Rule 16.3(c)(9):  The University has identified no issues with regard to disclosure, discovery, or preservation of electronically stored information.

**7.   Privilege Preservation**

Parties' Position:

Local Rule 16.3(c)(10):  The parties will make any and all proper objections to the disclosure of privileged or trial preparation materials during discovery in this matter.  If the parties assert that certain documents sought in discovery are privileged or subject to protection as trial preparation material, the parties will comply with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure.  The parties request that the Court order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court.

**8.   Deadlines**

Parties' Position:

The parties propose the following dates:

| | |
|---|---|
| Initial Disclosures: | June 18, 2018 |
| Service of Written Discovery Requests: | January 31, 2019 |
| Close of Discovery: | March 31, 2019 |
| Plaintiff's Expert Disclosure: | March 31, 2019 |
| Defendant's Expert Disclosure: | April 30, 2019 |
| Close of Expert Discovery: | May 31, 2019 |
| Dispositive Motions Deadline: | June 14, 2019 |
| Pretrial Conference: | September 16, 2019 |
| Trial: | To be set at Pretrial Conference |

**9.   Other Issues:**

The parties agree to accept service related to discovery via e-mail and/or a file-sharing platform. Service shall be deemed completed as of the date of transmission.

Dated:  May 22, 2018

                                                                                                                   Respectfully submitted,

| | |
|---|---|
|  /s/ Jesse Winograd |  /s/ Aaron J. Kornblith |
| Jesse Winograd (DC Bar No. 986610) | William D. Nussbaum (DC Bar No. 941815) |
| Gowen Silva & Winograd PLLC | Aaron J. Kornblith (DC Bar. No. 1024077) |
| 513 Capitol Court N.E., Suite 100 | Saul Ewing Arnstein & Lehr LLP |
| Washington, DC 20002 | 1919 Pennsylvania Avenue NW, Suite 550 |
| Phone: 202-380-9355 | Washington, D.C. 20006 |
| JWinograd@gowensilva.com | (202) 295-6619 Tel. |
| *Counsel for Plaintiff* | (202) 295-6707 Fax |
| | william.nussbaum@saul.com |
| | aj.kornblith@saul.com |
| | *Counsel for Defendant* |
| | *Catholic University of America* |

## CERTIFICATE OF SERVICE

     I certify that on this 22nd day of May, 2018, a copy of the foregoing **JOINT CASE MANAGEMENT STATEMENT** was filed via the Court's ECF system and served upon the following party:

     Jesse Winograd
     Gowen Silva & Winograd PLLC
     513 Capitol Court N.E., Suite 100
     Washington, DC 20002
     JWinograd@gowensilva.com
     *Counsel for Plaintiff*

                                                                                                         /s/ Aaron J. Kornblith
                                                                                                        Aaron J. Kornblith